IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:09cv437
[Criminal Case No. 2:04cr101]

| | |
|---|---|
| **KATHY SMITH BRADLEY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **FEDERAL BUREAU OF PRISONS,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of the Petitioner's Writ of Habeas pursuant to 28 U.S.C. § 2241 [Doc. No. 1].

The Petitioner has filed a motion pursuant to 28 U.S.C. §2241 asking that she receive credit against her federal sentence for time served for a state sentence. Federal district courts are directed to make a prompt initial review of habeas proceedings. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] "If it plainly appears from the petition and any

---

[1] The Rules pertaining to §2254 proceedings are also applicable to cases brought pursuant to §2241. Rule 1(b), Rules Governing Section 2254 Cases in the United

1

attached exhibits that the petitioner is not entitled to relief in the district court, the judge *must* dismiss the petition[.]" Rule 4. (emphasis provided).

Here, the Petitioner seeks "full faith and credit of jail time." She contends that the Bureau of Prisons has not properly computed her federal sentence by crediting against it the time she spent in state custody for a state sentence. However, a petition for a writ of habeas corpus pursuant to §2241 challenging present physical confinement must be filed in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); United States v. Poole, 531 F.3d 263 (4th Cir. 2008); United States v. Johnson, 317 Fed.Appx. 336, 337 n.2 (4th Cir. 2009), *citing* United States v. Miller, 871 F.2d 488, 490 n.3 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. §2241 in the district of confinement rather than in the sentencing court.").

The Petitioner is currently incarcerated at the federal correctional facility in Bruceton Mills, West Virginia. The Petitioner therefore must file a motion seeking relief pursuant to §2241 in the appropriate United States District

States District Courts.

2

Court in West Virginia.

The Petitioner made an alternative request that her filing be considered a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. As noted *infra*, her claim may not be properly considered pursuant to §2255 since a claim for credit against a sentence attacks the computation and execution thereof rather than the sentence itself. Miller, 871 F.2d at 490 n.3.

The Court has considered the Petitioner's motion, any attached exhibits, and the record of prior proceedings. The Court finds that the Petitioner is not entitled to relief and therefore the motion must be dismissed. The Court further finds that the Petitioner has not made a substantial showing of the denial of a constitutional right. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts, *citing* 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Writ of Habeas Pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is hereby **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

The Petitioner is hereby placed on notice that she may seek a certificate of appealability from the United States Fourth Circuit Court of Appeals pursuant to Federal Rule of Appellate Procedure 22.

Signed: December 10, 2009

Martin Reidinger
United States District Judge